**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____

|  |  |  |
|---|---|---|
| **ROBERT LEE,** | : | **CASE NO. 3:20-cv-523** |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **GROCERY HAULERS, INC.,** | : | |
| **Defendant.** | : | **APRIL 17, 2020** |

_____  :

## NOTICE OF REMOVAL

Defendant Grocery Haulers, Inc. hereby removes this action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, and represents:

1.      On March 20, 2020, Plaintiff Robert Lee commenced this civil action by serving Defendant Grocery Haulers, Inc. with a summons, complaint, and statement of amount in controversy, dated  March 12, 2020, returnable April 28, 2020, to the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, entitled *Robert Lee v. Grocery Haulers, Inc.* (the "Superior Court Action").   Attached hereto are true copies of the summons, complaint, and statement of amount in controversy. (**Exhibit A**, GHI-0001–0009).

2.      A copy of the summons, complaint and statement of amount in demand was served on Defendant on March 20, 2020.  (See Notice of Service of Process - Corporation Service Company, **Exhibit B**, GHI-0010–0011).  Neither Defendant nor its counsel had any prior notice of the Superior Court Action.  Defendant files its Notice of Removal within 30 days of its agent's receipt of the summons, complaint and statement of amount in demand and within 30 days of the date on which the Superior Court Action became removable.

3.      The grounds for removal are the original jurisdiction afforded this Court under: (a) 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1332(a) (complete diversity).

4.      The Superior Court Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, as in the First Count, ¶ 13, Plaintiff alleges that he was "discriminated and retaliated against . . . in the terms and conditions of his employment . . . in violation of . . . Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e and the Civil Rights Act of 1991." The Superior Court Action is therefore removable to the United States District Court pursuant to 28 U.S.C. § 1441(a).

5.      The Superior Court Action is also a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.   The Superior Court Action is removable to the United States District Court pursuant to 28 U.S.C. § 1441(a).   There is complete diversity between the parties.   Plaintiff resides in New Haven, Connecticut (**Exhibit A**, Summons, GHI-0001). Grocery Haulers, Inc. is a Delaware corporation with its principal place of business in Woodbridge, New Jersey.  (DeMartino Aff., ¶3, **Exhibit C**, GHI-0012).  Therefore, diversity of citizenship exists and supports removal under 28 U.S.C. § 1332.

7.      From the allegations in the Complaint, it is not unreasonable to believe that Plaintiff seeks in excess of $75,000.[1]   Plaintiff alleges that "[a]s a result of his

---

[1]Grocery Haulers, Inc. does not concede that Plaintiff is likely to prevail on any of the asserted claims or that, if Plaintiff does prevail on any of the asserted claims, he is entitled to any damages, punitive damages, attorneys' fees or other relief.  Grocery Haulers, Inc. reserves the right to dispute, and to defend against the asserted claims, both with regard to liability and all forms of requested damages and relief.  *See Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (to establish the jurisdictional amount, a removing defendant need not concede liability for that amount).

[employment termination, he] "will lose salary, benefits and other perquisites of employment and has suffered and will continue to suffer from extreme humiliation, mental anxiety and emotional distress," and he has and will continue to incur litigation expenses and attorney's fees and the quality of his life has been substantially diminished, all to his loss and detriment." *See* **Exhibit A**, Complaint, First Count, ¶ 14, GHI-0004. He further alleges that "he has lost ad will continue to lose earnings and benefits; his earning capacity has been substantially impaired; he has lost and will continue to suffer from humiliation and severe physical and emotional injuries and distress; . . . an, the quality of his life has been substantially diminished, all to his loss and detriment." *See* **Exhibit A**, Complaint, Second Count, ¶ 18, GHI-0006. He further alleges that "he has and will continue to incur litigation expenses and attorney's fees." *See id.* In this regard, Plaintiff seeks monetary damages (presumably back pay, front pay, benefits, compensatory damages afforded by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e and the Civil Rights Act of 1991 and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. 46a-58(a) and 46a-60(b)(1)), as well as attorney's fees and costs. See **Exh. A**, Complaint, ¶ 13 (statutes pleaded), GHI-0004; Prayer for Relief, GHI-0008).

8.    Plaintiff's claims are not nonremovable claims as described in 28 U.S.C. § 1445.

9.    Promptly after the filing of this Notice of Removal, Defendant Grocery Haulers, Inc. will file a copy of this Notice of Removal with the Superior Court and give written notice thereof to Plaintiff through his counsel of record.

                                    **GROCERY HAULERS, INC.**

                              By:  /s/ Glenn A. Duhl
                                    Glenn A. Duhl ct03644
                                    Zangari Cohn Cuthbertson
                                          Duhl & Grello P.C.
                                    59 Elm Street, Suite 400
                                    New Haven, CT 06510
                                    Tel.: (203) 786-3709
                                    Fax: (203) 782-2766
                                    gduhl@zcclawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2020, a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.  I also certify a copy was served this date on counsel for Plaintiff, Robert Lee, John T. Bochanis, Esq., Daly, Weihing & Bochanis, 1776 North Avenue, Bridgeport, CT 06604, lawdwb@sbcglobal.net, by email and first class mail, postage prepaid.

                                      /s/ Glenn A. Duhl
                                    Glenn A. Duhl ct03644