UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT LEE<br><br>    *Plaintiff*,<br><br>    v.<br><br>GROCERY HAULERS INC.<br><br>    *Defendant*. | Civil No. 3:20cv523 (JBA)<br><br>December 18, 2020 |

**RULING GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Plaintiff Robert Lee, an African American man, filed this lawsuit against his employer Grocery Haulers, Inc. on March 12, 2020, in the Connecticut Superior Court. (Compl. [Doc. # 1-1] at 3). Plaintiff alleged that Defendant discriminated against him on the basis of his race, made negligent representations to him, and caused him to detrimentally rely on Defendant's misrepresentations. (Compl. at 3-8.) Defendant removed the case to federal court on April 17, 2020, citing federal question and diversity jurisdiction. (Notice of Removal [Doc. # 1] at 1-2.) Plaintiff filed an Amended Complaint on June 30, 2020, following a pre-filing conference with the Court. (Am. Compl. [Doc. # 19].)

On July 21, 2020, Defendant filed a motion to dismiss Plaintiff's negligent misrepresentation and promissory estoppel claims. (Mot. to Dismiss [Doc. # 20] at 1.) Defendant maintains that Plaintiff "fails to allege any representations upon which Plaintiff could have reasonably relied" and "fails to allege any specific and definite promise upon which [Defendant] could have reasonably expected Plaintiff to rely." (*Id.* at 1-2.) Plaintiff opposes, arguing he has adequately stated a claim for both negligent misrepresentation and promissory estoppel. (Pl.'s Mem. in Opp. [Doc. # 24] at 7, 15.)

## I. Legal Standard

In assessing a motion to dismiss for failure to state a claim on which relief can be granted, the Court must determine whether, assuming all of the plaintiff's allegations are true, the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Plausibility 'is not akin to a probability requirement;' rather plausibility requires 'more than a sheer possibility that a defendant has acted unlawfully.'" *Fishoff v. Coty Inc.*, 676 F.Supp.2d 209, 216 (S.D.N.Y. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## II. Negligent Misrepresentation Claim (Count Two)

"Traditionally an action for negligent misrepresentations requires the plaintiff to establish (1) that the defendant made a misrepresentation of fact (2) that the defendant knew or should have known was false, and (3) that the plaintiff reasonably relied on the misrepresentation, and (4) suffered pecuniary harm as a result." *Nazami v. Patrons Mutual Ins. Co.*, 280 Conn. 619, 626 (2006) (citing *Glazer v. Dress Barn, Inc.*, 274 Conn. 33, 73 (2005)). A plaintiff must satisfy a heightened pleading standard in order to state a claim for negligent misrepresentation. *McNeil v. Yale Univ.*, 436 F.Supp.3d 489, 536 (VAB) (D. Conn. 2020) (holding that negligent misrepresentation claims are subject to the Fed. R. Civ. P. 9(b) heightened pleading standard). *But see IM Partners v. Debit Direct Ltd.*, 394 F.Supp.2d 503, 521 (JCH) (D.Conn. 2005) ("[T]he false statements . . . of negligent misrepresentation do not have to be stated with the same degree of particularity [as for a claim of fraud] to survive a motion to dismiss."). In order to survive a motion to dismiss, a complaint alleging negligent misrepresentation must (1) specify the statements that the plaintiff contends were false, (2) identify the speaker, (3) state where and when the statements were made,

2

and (4) explain why the statements were false. *Catalano v. Bedford Assocs., Inc.*, 9 F.Supp.2d 133, 136 (PCD) (D. Conn. 1998).

Defendant argues that Plaintiff "fails to allege any representations upon which [he] could have reasonably relied," particularly given the "express at will nature of his employment." (Def.'s Mem. [Doc. # 20-1] at 1.) Defendant analogizes the instant case to *Walsh v. Long*, where the court found that a plaintiff could not reasonably rely on a human resources employee's alleged statement that she could only be fired for cause since the employee handbook "made it absolutely clear that no one in the Human Resources department had any authority whatsoever to make or enter into any contracts or agreements" regarding the plaintiff's employment. *Walsh v. Long*, No. CV-02-0815945-S, 2005 WL 3047271, at *3 (Conn. Sup. Ct. 2005). Defendant cites its Employment Application, which "explicitly states that only GHI's president can alter the at-will nature of Plaintiff's employment," arguing that Plaintiff's claim can only survive if he alleges a representation that could reasonably negate the at-will nature of his employment. (*See id.* at 7 (citing Employment App., Ex. A to Mot. to Dismiss [Doc. # 20-3].) Defendant argues that Plaintiff has alleged no specific representations, much less a statement that could have reasonably altered his at-will employment. (*Id.*)

Plaintiff disagrees, asserting that he has adequately alleged a claim of negligent misrepresentation. (Pl.'s Mem. at 7.) Plaintiff goes on to state that he "met with Brian Mulcahey, the Defendant's director of security" who, "described the applicable progressive discipline policy that included oral warnings [and] written warning before termination of employment" and "informed the Plaintiff that performance improvement plans would also be used prior to discharging an employee such as the Plaintiff who was in a supervisory position." (*Id.* at 9 (citing Lee Aff., Ex. A to Pl.'s Mem. [Doc. # 25]; Mulcahey Email, Ex. B to Pl.'s Mem. [Doc. # 26]).) In support of this claim, Plaintiff attached his affidavit, along with an email and an excerpt of Defendant's handbook. (*Id.*) Plaintiff further argues that he

relied on Defendant's representations "in deciding to be employed by the Defendant, and foregoing other employment opportunities." (*Id.* (citing Lee Aff., Ex. A).)

In reply, Defendant raises two arguments: first, that the affidavit raises new allegations not contained in the Amended Complaint and should thus be disregarded, and second, that the affidavit still fails to allege any statements upon which the Plaintiff would have reasonably relied. (Reply [Doc. # 28] at 1-2.) Although Defendant does not cite authority in support of its first argument, caselaw in the Second Circuit is clear that a plaintiff "may not amend its complaint through new allegations or pleadings." *Jennings, II v. Hunt Co.*, 367 F.Supp.3d 66, 70 (S.D.N.Y. 2019) (collecting cases). An exception exists for *pro se* litigants, but here, Plaintiff is represented by counsel. *See Davila v. Lang*, 343 F.Supp.3d 254, 267 (S.D.N.Y. 2018). Moreover, in the pre-filing conference preceding Defendant's filing of this motion, the parties explicitly discussed the issue of factual deficiencies with respect to the negligent misrepresentation count. Plaintiff was permitted to amend his complaint in anticipation of the Motion to Dismiss but apparently chose not to include the information contained in the affidavit attached to the Memorandum in Opposition. Plaintiff offers no explanation as to why this information was not included in the Amended Complaint, and since it is conveyed through Plaintiff's own affidavit, it is clear that this information was available at the time of filing the Amended Complaint. Accordingly, the Court will disregard the new factual allegations raised in Plaintiff's Memorandum in Opposition in deciding this Motion to Dismiss.

Plaintiff's Amended Complaint contains only one sentence which could possibly be construed as an allegation of a misrepresentation by Defendant: "Defendant, through its agents, servants and/or employees including but not limited to its supervisors and corporate counsel further represented to the Plaintiff during his hiring and employment that a policy existed whereby he would not be discharged from employment without the application of a progressive disciplinary policy including implementation of a performance

improvement plan prior to termination." (Am. Compl. ¶ 14.) This allegation plainly does not satisfy the heightened pleading standard required for complaints of negligent misrepresentation as it does not specify a specific statement made, the person who made the statement, or where and when the statements were made. *See Catalano*, 9 F.Supp.2d at 136. The Court therefore grants Defendant's Motion to Dismiss Plaintiff's negligent misrepresentation claim (Count Two).

### III. Promissory Estoppel Claim (Count Three)

To state a claim for promissory estoppel, a party must allege the existence of "a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance . . . [where] injustice can only be avoided by enforcement of the promise." *D'Ulisse-Cupo v. Bd. of Directors of Notre Dame High School*, 202 Conn. 206, 213 (1987). Such representation must be "sufficiently promissory [and] sufficiently definite to support contractual liability" and should reflect "manifested . . . present intention on the party of the defendant[] to undertake immediate contractual obligation to the plaintiff." (*Id.* at 214.) However, while a "promise must be clear and definite, it need not be the equivalent of an offer to contract because the prerequisite for application of the doctrine of promissory estoppel is a promise and not a bargain and not an offer." *Stewart*, 267 Conn. at 105. Moreover, "a claim for promissory estoppel is not one for 'fraud or mistake' that is subject to the heightened pleading standards of Rule 9(b)" and thus does not require the same specificity as a claim for negligent misrepresentation. *Aesthetic and Reconstructive Breast Center, LLC v. United HealthCare Group, Inc.*, 367 F.Supp.3d 1 (JAM) (D. Conn. 2019).

Here, Plaintiff alleges that "Defendant, through its agents, servants and/or employees including but not limited to its supervisors and corporate counsel further represented to the Plaintiff during his hiring and employment that a policy existed

5

whereby he would not be discharged from employment without the application of a progressive disciplinary policy including implementation of a performance improvement plan prior to termination of employment." (Am. Compl. ¶ 14.) He further maintains that "[i]n reliance of the hereinbefore described oral statements of the Defendant . . . that the Plaintiff would not be discharged without application of a progressive disciplinary policy including a performance improvement plan, the Plaintiff continued employment with the Defendant." (*Id.* at ¶ 17.)

Defendant's alleged statement that it would not discharge Plaintiff without application of a progressive disciplinary policy is sufficiently promissory, clear, and definite to state a claim for promissory estoppel. Contrary to Defendant's assertion, this is not a "vague statement of [Defendant's] general practices," (Reply at 8); rather, Plaintiff alleges that Defendant promised him that *he* was protected by a progressive disciplinary policy. *Cf. Myers v. Alutiiq Intern. Solutions, LLC*, 811 F.Supp.2d 261, 272 (D.D.C. 2011) (dismissing promissory estoppel claim because he failed to allege that "he was promised that *he* would be subject to progressive disciplinary policy") (emphasis in original).

The Court further concludes that Defendant should have reasonably expected a promise of a progressive disciplinary policy to induce forbearance because employers may offer progressive disciplinary policies in order to make employment more attractive to current and prospective employees. *See D'Ulisse-Cupo* 202 Conn. at 213. An employer therefore should expect that employees may accept or continue employment because of such a policy. Moreover, Plaintiff asserts that he actually relied to his detriment on the promise of progressive disciplinary policy because he "continued employment with the Defendant," and "did not seek other employment possibilities" because of the promise of a progressive disciplinary policy. (Am. Compl. ¶¶ 15, 17.)

6

Since Plaintiff has adequately pleaded the elements of promissory estoppel: that Defendant made a clear and definite promise which the promisor should have reasonably expected to induce reliance and that he relied to his detriment on that promise, thereby facing injustice unless the promise is enforced, the Court denies Defendant's motion to dismiss Plaintiff's promissory estoppel claim (Count Three).

## IV. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss [Doc. # 20] is GRANTED IN PART and DENIED IN PART. The claim for promissory estoppel may proceed. The claim for negligent misrepresentation is DISMISSED.

IT IS SO ORDERED.



/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 18th day of December 2020.